DAYTON BAR ASSOCIATION *v.* BART.

[Cite as *Dayton Bar Assn. v. Bart* (1997), 80 Ohio St.3d 538]

*Attorneys at law — Misconduct — One-year suspension with credit for time served during interim suspension — Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 97-1747 — Submitted October 7, 1997 — Decided December 31, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners and Grievances of the Supreme Court, No. 96-97.

On June 27, 1996, the United States Attorney charged respondent, David R. Bart of Dayton, Ohio, Attorney Registration No. 0006559, and seven others with conspiracy to evade taxes. As the result of a plea bargain, rather than go to trial, respondent pled guilty to conspiring to commit tax fraud in violation of Section 371, Title 18, U.S.Code. He was convicted of a felony on October 21, 1996, fined $10,000, and placed on probation for three years. On November 26, 1996, pursuant to Gov.Bar R. V(5)(A)(2), we suspended respondent from the practice of law. *In re Bart* (1996), 77 Ohio St.3d 1457, 672 N.E.2d 180. On that same day, relator, Dayton Bar Association, filed a complaint against respondent, charging him with disciplinary violations. Respondent filed his answer, and a panel of the Board of Commissioners on Grievances and Discipline ("board"), after reviewing the facts underlying respondent's conviction, concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

The panel received evidence about respondent's precarious physical condition, as well as character testimony from a judge in Montgomery County, the United States Attorney, the attorney for the relator, and another attorney. In addition, the panel considered in mitigation that the government did not lose any

money as a result of respondent's actions. The panel noted also that respondent declined the offered possibility of pleading guilty to a misdemeanor of theft because to do so would be to perjure himself. Finally, the panel observed that respondent himself notified the board of his conviction in November 1996.

The panel recommended that respondent be suspended from the practice of law for one year with credit for the time he served during the interim suspension. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Richard H. Hammond,* for relator.

*Gary Leppla,* for respondent.

_____

*Per Curiam.* We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for one year, with credit for the time served during his interim suspension which commenced on November 26, 1996. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.